IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:23CR315-1 |
| | : | |
| NAYEEM CHOUDHURY | : | |

The United States Attorney charges:

**General Allegations**

At all times relevant to this Information:

1. NAYEEM CHOUDHURY was a resident of Durham County, North Carolina, within the Middle District of North Carolina.

2. NAYEEM CHOUDHURY registered Dream Venture Capital Group, LLC ("Dream Venture"), as a limited liability company with the North Carolina Secretary of State on or about August 9, 2022.

3. NAYEEM CHOUDHURY was the sole member and organizer of Dream Venture. NAYEEM CHOUDHURY began operating Dream Venture in or around July 2022 and often pitched Dream Venture to investors as a "privately owned Hedge Fund."

4. From in or about July 2022, continuing up to and including in or about June 2023, the exact dates unknown, in the Middle District of North Carolina, and elsewhere, NAYEEM CHOUDHURY executed a scheme and

artifice to defraud investors of at least $9 million by falsely representing, among other things, NAYEEM CHOUDHURY's success rate at trading options and his use of investor money. Throughout the duration of the scheme, NAYEEM CHOUDHURY suffered massive trading losses and then continued to lie to investors and actively conceal the truth about Dream Venture's profitability and the use of investor funds. NAYEEM CHOUDHURY also used investor money to make payments in the manner of a "Ponzi" scheme. The term Ponzi scheme generally refers to a fraud in which investor principal and interest payments are funded by new principal investments of others, rather than by a genuine return on principal investments.

## The Fraudulent Scheme

5. Beginning in or around July 2022 through at least June 2023, NAYEEM CHOUDHURY raised approximately $9.5 million from approximately 80 investors ("Victim Investors").

6. As part of the scheme and artifice to defraud, NAYEEM CHOUDHURY induced Victim Investors to invest in Dream Venture under the false promise of high rates of return on investment, sometimes as high as 25%.

7. As part of the scheme and artifice to defraud, NAYEEM CHOUDHURY also induced Victim Investors to invest in Dream Venture by making, and causing to be made, materially false and fraudulent

2

representations, and concealing, and causing to be concealed, material facts, and by telling deceptive half-truths, including the following:

a. NAYEEM CHOUDHURY falsely represented to Victim Investors that they could "invest their capital with no risk," and that NAYEEM CHOUDHURY and Dream Venture were "personally liable" for the invested capital. This representation was fraudulent and misleading because Dream Venture consistently lost money and NAYEEM CHOUDHURY, as he then well knew, did not have the assets to repay investors.

b. NAYEEM CHOUDHURY falsely represented to Victim Investors that Dream Venture was profitable and that NAYEEM CHOUDHURY and Dream Venture had a proven track record of successfully trading options. For example, NAYEEM CHOUDHURY falsely told one victim investor that he managed a portfolio of approximately $2.3 million, that approximately $700,000-$800,000 of the money was client funds, and that the remaining balance was trading profits.

8. As part of the scheme and artifice to defraud, NAYEEM CHOUDHURY used social media and other websites to post fraudulent and misleading information concerning Dream Venture's trades and NAYEEM

3

CHOUDHURY's success rate. For example, NAYEEM CHOUDHURY posted, or caused to be posted, trading results from March 2023 on Dream Venture's website and falsely touted a 100% "win rate." In reality, in March 2023, NAYEEM CHOUDHURY, as he then well knew, lost over $1 million of Victim Investor funds.

9. As part of the scheme and artifice to defraud, NAYEEM CHOUDHURY used money from Victim Investors to make various personal expenditures, including the purchase of a Mercedes Benz.

10. As part of the scheme and artifice to defraud, NAYEEM CHOUDHURY used money from Victim Investors to make Ponzi-like payments. For example: between on or about May 17, 2023 and May 19, 2023, NAYEEM CHOUDHURY received approximately $695,000 from five Victim Investors. Then, between on or about May 19, 2023 and May 22, 2023, NAYEEM CHOUDHURY made payments to other investors that he otherwise would not have been able to make but for the recent principal payments from other investors.

11. NAYEEM CHOUDHURY did not disclose to Victim Investors the Ponzi-like nature of his scheme, namely that NAYEEM CHOUDHURY did not have profits to pay the promised rates of return and instead used new investor principal to make it appear that investments were realizing returns as

promised. To continue to perpetuate the scheme, NAYEEM CHOUDHURY convinced, or attempted to convince, investors to re-invest their returns, keep capital invested, or make additional investments.

12. Because of NAYEEM CHOUDHURY's material misstatements and omissions concerning Dream Venture and its profitability and NAYEEM CHOUDHURY's promotion of a falsified success rate at trading options, and because of NAYEEM CHOUDHURY's deceptive and misleading acts, Victim Investors lost money by investing. In total, NAYEEM CHOUDHURY lost over $5 million in investor money trading options.

13. By soliciting investments in Dream Venture, NAYEEM CHOUDHURY created investment contracts with investors that constitute securities.

## Count One
## (Wire Fraud)

1. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

2. On or about February 22, 2023, in the Middle District of North Carolina, and elsewhere, NAYEEM CHOUDHURY, having knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses,

5

representations, and promise, did transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit: a wire transfer in the amount of approximately $100,000 from a victim, W.W., to the Dream Venture account at Bank of America ending in x7377.

All in violation of Title 18, United States Code, Section 1343.

## Count Two
### (Securities Fraud)

1. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

2. From in or about July 2022 continuing up to and including in or about June 2023, in the Middle District of North Carolina, and elsewhere, NAYEEM CHOUDHURY, willfully, directly and indirectly, by use of the means and instrumentalities of interstate commerce and the mails, used and employed manipulative and deceptive devices and contrivances by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and

courses of business which operated and would and did operate as a fraud and deceit upon investors and others, in connection with the sale of securities, to wit: investments in Dream Venture.

All in violation of Title 15, United States Code, Section 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Section 240.10b-5.

## FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of Count One or Count Two of this Information, the defendant, NAYEEM CHOUDHURY, shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, or a conspiracy to commit such offense.

3. The property to be forfeited may include, but is not limited to:

   a. Mercedes Benz, G63 AMG 4MATIC, with Vehicle Identification Number WDCYC7DF6FX228516

   b. $208,303.23 held in account ending x2623 at Webull Financial LLC

   c. $196,039.57 held in account ending x1159 at PNC Bank, N.A.

   d. $13,213.68 held in account ending in x1167 at PNC Bank, N.A.

7

e. $12,980.81 held in account ending in x1175 at PNC Bank, N.A.

f. $12,006.51 held in account ending in x1754 at PNC Bank, N.A.

g. $112.86 held in account ending in x1130 at Wells Fargo Bank, N.A.

h. $25,000 held in an IOLTA Trust account ending in x0870 at Bank of America.

4. If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence, has been transferred or sold to or deposited with a third person, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Rule 32.2, Federal Rules of Criminal Procedure, and Title 28, United States Code, Section 2461(c).

DATED: September 25, 2023.

*Sandra J. Hairston*
SANDRA J. HAIRSTON
United States Attorney

*Ashley E. Waid*
BY: ASHLEY E. WAID
Assistant United States Attorney